IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KEVIN DEMETRIUS HOWARD and FIVE MINOR CHILDREN C.A.H., K.M.H., P.G.H., S.P.H., and I.R.H., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CV 121-118 |
| THE UNITED STATES OF AMERICA; THE STATE OF GEORGIA; UNNAMED MEMBERS OF THE AUGUSTA JOINT C.A.V.E. TASK FORCE; and, THE STATE OF SOUTH CAROLINA, | ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiffs are proceeding *pro se* in the above-captioned case and have requested to proceed *in forma pauperis* ("IFP"). Upon review of the complaint, the Court ordered Plaintiffs to amend their complaint within twenty-one days (1) because the original complaint did not satisfy the dictates of Federal Rule of Civil Procedure 8(a) and, (2) because of the pleading deficiencies, the Court was unable to determine whether Plaintiffs' claims could be joined in one lawsuit pursuant to Federal Rule of Civil Procedure 20(a). (See doc. no. 13.) The Court also denied Plaintiffs' motion to proceed IFP and directed him, within twenty-one days, to either file a new motion to proceed IFP or pay the $402.00 filing fee. (Id.) The Court cautioned Plaintiffs that failing to submit a timely response or pay the filing fee may result in a recommendation for dismissal of this action. (Id. at p. 5-6.) The time to

respond and pay the filing fee has passed, and Plaintiffs have not submitted an amended complaint, submitted a new IFP motion, or paid the filing fee as required by the Court's August 30, 2021 Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiffs' failure to file an amended complaint, or even to provide the Court with an explanation for their failure to comply with the August 30th Order, amounts not only to a failure to prosecute, but also an abandonment of their case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned Plaintiffs that a failure to

respond may result in a recommendation of dismissal. (Doc. no. 13, p. 6.) The same is true for Plaintiffs' failure to submit a new IFP motion or pay the filing fee. Local Rule 4.2(2) directs that failure to pay the filing fee within twenty-one days of the Court's Order denying IFP will result in dismissal of the complaint. While the Court gave Plaintiffs the chance to submit a new IFP motion and potentially avoid dismissal for failure to pay the filing fee, Plaintiffs have not done so. Furthermore, because Plaintiffs requested permission to proceed IFP and did not pay the filing fee or file a proper IFP motion within the time requested, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiffs have neither submitted an amended complaint nor paid the filing fee as required by the Court's August 30th Order and Local Rule 4.2(2). Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of September, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA