IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KEVIN DEMETRIUS HOWARD and FIVE MINOR CHILDREN C.A.H., K.M.H., P.G.H., S.P.H., and I.R.H., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 121-118 |
| THE UNITED STATES OF AMERICA; THE STATE OF GEORGIA; UNNAMED MEMBERS OF THE AUGUSTA JOINT C.A.V.E. TASK FORCE; THE STATE OF SOUTH CAROLINA; GEORGIA DEPARTMENT OF HUMAN SERVICES *by and through DFACS*; AUGUSTA UTILITIES DEPARTMENT; THE CHARLESTON COUNTY SCHOOL DISTRICT; and, THE RICHMOND COUNTY BOARD OF EDUCATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

On September 27, 2021, the Court issued a Report and Recommendation recommending dismissal of the complaint without prejudice for failure to pay the filing fee and failure to file an amended complaint. (Doc. no. 14.) Plaintiff Kevin Howard has now submitted the $402.00 filing fee and an amended complaint. (Doc. no. 16.) Accordingly, the Court **VACATES** the September 27th Report and Recommendation. (Doc. no. 14.)

Mr. Howard purports to bring this action on behalf of himself and his five minor children. (Doc. nos. 1, 16.) However, Mr. Howard is proceeding *pro se*, and no attorney has

made an appearance for the children. Nor does the complaint list a guardian or next friend for the minor children. Federal Rule of Civil Procedure 17(c)(2) provides as follows:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.

More importantly, a parent cannot represent a child *pro se*. See FuQua v. Massey, 615 F. App'x 611, 612 (11th Cir. 2015) ("The right to appear *pro se* . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others. Consequently, we have held that 'parents who are not attorneys may not bring a *pro se* action on their child's behalf.'" (quoting Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by* Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 535 (2007)). As such, Mr. Howard cannot bring an action on behalf of his five minor children or otherwise act as their legal representative. Accordingly, Mr. Howard is **DIRECTED** to **SHOW CAUSE** within seven days from the date of this Order why the five minor children should not be dismissed from this case.

Because Mr. Howard is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4, the Court **DENIES** the Motion to Use the U.S. Marshal. (Doc. no. 6.)  The Court **DIRECTS** the **CLERK** to attach copy of Rule 4 to this Order so that Plaintiffs may determine the appropriate method of service for each Defendant. While Mr. Howard should familiarize himself with this rule, he should not attempt to serve any defendant until the Court can sort out the issue of whether the claims of the minor children will be allowed to proceed.

The Court **DENIES** the Motion to File Electronically, (doc. no. 7), because of the Court's policy not to allow "*pro se* litigants to utilize electronic filing." Blochowicz v. Wilkie, No. CV 120-111, 2020 WL 5028224, at *1 (S.D. Ga. Aug. 25, 2020) (citing Jenkins v. Drummond, No. CV410-008, 2010 WL 2332700, at *1 n.1 (S.D. Ga. May 25, 2010) and United States District Court, Southern District of Georgia Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means).)

SO ORDERED this 5th day of October, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA