IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KEVIN DEMETRIUS HOWARD and FIVE MINOR CHILDREN C.A.H., K.M.H., P.G.H., S.P.H., and I.R.H., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 121-118 |
| THE UNITED STATES OF AMERICA; THE STATE OF GEORGIA; UNNAMED MEMBERS OF THE AUGUSTA JOINT C.A.V.E. TASK FORCE; THE STATE OF SOUTH CAROLINA; GEORGIA DEPARTMENT OF HUMAN SERVICES *by and through DFACS*; AUGUSTA UTILITIES DEPARTMENT; THE CHARLESTON COUNTY SCHOOL DISTRICT; and, THE RICHMOND COUNTY BOARD OF EDUCATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Mr. Howard purports to bring this action on behalf of himself and his five minor children. (Doc. nos. 1, 16.) However, Mr. Howard is proceeding *pro se*, and no attorney has made an appearance for the children. Nor does the complaint list a guardian or next friend for the minor children. Because a non-attorney parent may not act *pro se* on behalf of his or her child, the Court ordered Mr. Howard to show cause why the five minor children should not be dismissed. (Doc. no. 17.)

As explained in the Court's October 5th Order, a non-attorney parent cannot represent

a child *pro se*. FuQua v. Massey, 615 F. App'x 611, 612 (11th Cir. 2015); see also Dingler v. Georgia, 725 F. App'x 923 (11th Cir. 2018) ("non-attorney *pro se* litigant cannot bring any action on behalf of his or her child").  Mr. Howard's arguments in his response are unpersuasive.  He cites Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247 (1st Cir. 2003), where the First Circuit Court of Appeals interpreted the Individuals with Disabilities Education Act ("IDEA") to allow a parent to proceed *pro se* on behalf of their child.  (Doc. no. 18, p. 1.)  IDEA is irrelevant to Mr. Howard's case, and the Eleventh Circuit Court of Appeals has held the opposite regardless.  Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 581 (11th Cir.1997) (*pro se* parents may not represent their child) *overruled in part on other grounds*, Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 535 (2007).

    Mr. Howard additionally cites to what appears to be a ruling from the Georgia Office of State Administrative Hearings where he claims he represented his children.  (Doc. no. 18, pp. 1-2.)  State administrative hearing procedural rules have no bearing on this case.  Mr. Howard has not shown good cause for why the five minor children should not be dismissed from this case.

    In lieu of dismissal, Mr. Howard asks the Court to appoint counsel or a guardian ad litem.  (Id.)  His request should be denied.  First, appointment of a guardian ad litem would not change the fact that Mr. Howard is still attempting to impermissibly proceed *pro se* on behalf of minor children.  Second, as a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one.  Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992).  Rather, the appointment of counsel is a privilege justified only by exceptional circumstances.  Id.

Here, Plaintiffs fail to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). They have not shown the presence of facts or legal issues which are "so novel or complex as to require the assistance of a trained practitioner," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (quoting Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir.1987)). Indeed, "where the facts and issues are simple, [Plaintiff] usually will not need such help." Kilgo 983 F.2d at 13. The Fourth Amendment and due process issues at the center of Plaintiffs' case are not the type of issues necessitating assistance of counsel, and the bar on *pro se* representation of minor children does not change that fact. See Bacon v. Soc. Sec. Admin., No. 1:16-CV-2242-MHC-JSA, 2016 WL 10988739, at *1 (N.D. Ga. July 22, 2016) (no extraordinary circumstances for a minor represented by a *pro se* parent in a Social Security appeal); Pierson v. Allison, No. CIV.A. 1:08CV208JMR, 2009 WL 3049220, at *4 (S.D. Miss. Sept. 17, 2009) (rejecting *pro se* minor's own § 1983 suit because no extraordinary circumstances warranted appointment of counsel); Mills v. Fischer, No. 09-CV-0966A, 2010 WL 364457, at *3 (W.D.N.Y. Feb. 1, 2010) (same). Plaintiffs have not shown extraordinary circumstances, and the Court will not appoint counsel.

Moreover, appointment of counsel is typically reserved for indigent parties who are proceeding *in forma pauperis*. See Brown v. John Deere Prod., Inc., 460 F. App'x 908, 909 (11th Cir. 2012) ("court has the discretion to appoint counsel for an *indigent* plaintiff") (emphasis added); see also Exel v. Govan, No. CIV. 12-4280 RBK/KMW, 2014 WL 252699, at *5 note 7 (D.N.J. Jan. 23, 2014) (Plaintiff must be granted *in forma pauperis* status before appointment of counsel); Brown v. Ortho Diagnostic Sys., Inc., 868 F. Supp. 168, 172 note

3

16 (E.D. Va. 1994) ("a court may request an attorney to represent a civil litigant proceeding *in forma pauperis*"). Plaintiff is not proceeding *in forma pauperis* and has paid the filing fee. Therefore, Mr. Howard's request for appointment of counsel and guardian ad litem in his Motion to Show Cause should be **DENIED**. (Doc. no. 18.)

For the reasons set forth above, the Court **DENIES** the Motion to Show Cause, (doc. no. 18), and **REPORTS** and **RECOMMENDS** the five minor children C.A.H., K.M.H., P.G.H., S.P.H., and I.R.H. be **DISMISSED** as Plaintiffs. By separate Order, the Court directs service of process on Defendants for the claims asserted by Mr. Howard individually.

SO REPORTED AND RECOMMENDED this 27th day of October, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA