IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KEVIN DEMETRIUS HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-118 |
| | ) | |
| THE UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed the above-captioned case on July 27, 2021, and filed an amended complaint on September 27, 2021.  (Doc. nos. 1, 16.)  After his motion to proceed *in forma pauperis* was denied without prejudice, he paid the filing fee on September 27, 2021.  (Doc. nos. 2, 13; Sept. 27, 2021 doc. entry.)  After recommending dismissal of the co-Plaintiffs, the Court ordered Plaintiff to serve Defendants on October 27, 2021.  (Doc. no. 19.)  In the October 27th Order, the Court provided Plaintiff with basic instructions regarding the development and progression of this case.  (Id.)  The Court explained Plaintiff is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the October 27th Order so that Plaintiff could determine the appropriate method of service for each Defendant.  (Id. at 1.)  The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual Defendants or the entire case.  (Id.)  Because his ninety-day window

had expired, the Court granted Plaintiff an additional thirty days to serve Defendants. (Id. at 2.) On December 2, 2021, the Court extended the service deadline until January 31, 2022. (Doc. no. 26.) Four Defendants have since filed motions to dismiss arguing, inter alia, insufficient service of process. (See doc. nos. 27-28, 30, 38.)

When the deadline for effecting service under Fed. R. Civ. P. 4(m) had passed and there was inadequate evidence the non-moving Defendants had been served, the Court entered an Order directing Plaintiff to show cause why Defendants the State of Georgia, Unnamed Members of the Augusta Joint C.A.V.E. Task Force, the State of South Carolina, and the Georgia Department of Human Services should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 39.)

In response, Plaintiff returned receipts from the United States Postal Office showing the mailing and delivery of six pieces of mail sent November 24, 2021, including mail to the Attorneys General of Georgia and South Carolina. (Doc. no. 40, pp. 7-10.) In other filings, Plaintiff states these mailings contained copies of the amended complaint and the Court's prior orders. (Doc. no. 23; see doc. no. 34, p. 2.) Summons were issued on November 30, 2021. (Doc. nos. 24-25.) The docket does not reflect any waiver of service by the Defendants in question.

On February 24, 2022, Plaintiff moved to dismiss the State of South Carolina from this case. (Doc. no. 41-1.) On March 16, 2022, Plaintiff filed a Motion for Entry of Default against Defendants the State of Georgia, Unnamed Members of the Augusta Joint C.A.V.E. Task Force, and the Georgia Department of Human Services, arguing they were served on September 27, 2021, and have not filed answers. (Doc. no. 42.) In his motion, Plaintiff acknowledges his certificate of service was filed November 24, 2021, and he was issued

2

summons on November 30, 2021.  (Id.)

Although Plaintiff states the mail receipts confirm "the certificate of service," the documents do not show that summons have been returned executed or valid service has been accomplished.  Pursuant to Fed. R. Civ. P. 4(j), states and state-created governmental organizations must be served by "delivering a copy of the summons and of the complaint to its chief executive officer; or serving a copy of each in the manner prescribed by that state's law."  Both methods of service require the summons to be served along with the complaint.  See id.; see also Fed. R. Civ. P. 4(c)(1).  Likewise, if Plaintiff was attempting to serve any individuals, Fed. R. Civ. P. 4(e) also requires service of summons.  As Plaintiff never claims he delivered summons to any party, and as summons were not even issued to Plaintiff until after he claims he served Defendants, Plaintiff has not provided proper proof of service.  Indeed, it appears Plaintiff simply mailed a copy of the amended complaint to the Attorneys General of Georgia and South Carolina in order to effect service on the four Defendants in question.[1]

To the extent Plaintiff was attempting to have Defendants waive formal service of summons, Plaintiff is still responsible for properly effecting personal service under Fed. R. Civ. P. 4(c) and (e) if a Defendant does not waive formal service.  Moreover, under the Federal Rules, service may be accomplished by any person "who is at least 18 years old and *not a party* . . . ."  Fed. R. Civ. P. 4(c)(2) (emphasis added).  Plaintiff describes only service he attempted

---

[1] Further, for suit against the State of Georgia or another "public body or organization" such as the Department of Human Services or a district attorney's task force, summons must be served upon the "chief executive officer or clerk thereof," neither of which appear to be the Attorney General of Georgia for the Defendants.  See O.C.G.A. § 9-11-4(e)(5).  For a suit against the State of South Carolina, summons may be served upon Attorney General of South Carolina, but, as explained, Plaintiff failed to provide evidence he did so.  SCRCP 4(d)(5).

as a party to the case. Plaintiff has thus failed to show the valid service of process has been accomplished.

To the extent there was any question as to what type of service applied to which Defendant or how to properly accomplish such service, the Court cautioned Plaintiff it was his responsibility to determine which method of service is appropriate and as a courtesy, directed the Clerk of Court to provide him with a copy of Rule 4 multiple times. (Doc. nos. 17, 19.) The responsibility for properly effecting service stands firmly with Plaintiff. Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)). Despite having been provided with the information and tools needed to effect service, Plaintiff has not complied with the Federal Rules of Civil Procedure, as all litigants appearing in this Court are required to do. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant any further extension of the service period. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.). There is no indication any Defendant may be attempting to evade service. To the extent the statute of limitations may bar a refiled action, some of Plaintiff claims in his amended complaint actually appear to have arisen after he filed this case. In any event, the

Court has granted Plaintiff extensions of time to effect service, and nothing about dismissal without prejudice for failure to timely effect service will impact Plaintiff's ability to argue for tolling the applicable statute of limitations or otherwise arguing any refiled action is timely.

In sum, the Court warned Plaintiff that failure to effect service would lead to dismissal of the entire case. (See doc. nos. 19, 39.) Accordingly, the Court **REPORTS** and **RECOMMENDS** the motion for default be **DENIED** as **MOOT**, (doc. no. 42), the motion to dismiss the State of South Carolina be **DENIED** as **MOOT**, (doc. no. 41-1), and Defendants the State of Georgia, Unnamed Members of the Augusta Joint C.A.V.E. Task Force, the State of South Carolina, and the Georgia Department of Human Services, and all of Plaintiff's claims against them, be **DISMISSED** without prejudice for failure to timely effect service. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 24th day of March, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA