IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| KEVIN DEMETRIUS HOWARD, | * |
| Plaintiff, | * |
| v. | * CV 121-118 |
| THE UNITED STATES OF AMERICA, et al., | * |
| Defendants. | * |

**O R D E R**

Presently before the Court are Defendant Augusta-Richmond County's ("ARC") motion to dismiss (Doc. 27); Defendant Board of Education of Richmond County's ("BOE") motion to dismiss (Doc. 28); Defendant Charleston County School District's ("CCSD") motion to dismiss (Doc. 30); and Defendant United States of America's ("USA") motion to dismiss (Doc. 38).

On September 27, 2021, Plaintiff, proceeding *pro se*, filed his amended complaint against various Defendants alleging numerous claims. (Doc. 16.) Namely, Plaintiff states that the Augusta Joint C.A.V.E. Task Force investigated him, impeded upon his human rights, and removed his minor children from his parental custody without due process, among other things. (Id. at 5.) Now, each Defendant moves to dismiss Plaintiff's suit for various reasons. (Docs. 27, 28, 30, 38.) After carefully reviewing the motions,

the Court **GRANTS** each Defendant's motion to dismiss (Docs. 27, 28, 30, 38).

### I. MOTIONS TO DISMISS (DOCS. 27, 28, 30, 38)

1. **Legal Standard**

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has

2

acted unlawfully." Id. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

2. **Insufficient Service of Process**

Each Defendant challenges service of process in this case. (Doc. 27, at 4-5; Doc. 28, at 4-5; Doc. 30, at 2; Doc. 38, at 6-11.) As noted above, Plaintiff, proceeding *pro se*, filed his amended complaint against various Defendants on September 27, 2021. (Doc. 16.) On October 27, 2021, the Court extended Plaintiff's deadline to effect service because his original ninety-day window for service - based on his original, unamended complaint - had expired. (Doc. 19.) On November 24, 2021, Plaintiff filed a "certificate of service" purporting to show he served all Defendants with his Amended Complaint. (Doc. 23.) However, this certificate does not indicate that Plaintiff served a copy of a summons, nor could it - the Court did not issue the

3

summons until six days later, on November 30, 2021. (Docs. 24, 25.) On December 2, 2021, the Court found Plaintiff had still not effected service and again extended Plaintiff's service deadline, this time until January 31, 2022. (Doc. 26.) On February 10, 2022, the Court ordered him to explain the reasons he had again failed to effect service by this new deadline; Plaintiff responded that he had indeed effected service and provided two documents in support: (1) a statement certifying Plaintiff had "served a copy of the Motion to Explain and Dismiss upon opposing counsel by Certified mailing same to" each Defendant, and (2) copies of his certified mail receipts addressed to each Defendant. (Doc. 40, at 1, 4-10.) Plaintiff does not claim, however, that he served a copy of a summons – only that he served a copy of his motion to explain. (Id.)

When service of process has been insufficient, a complaint is subject to dismissal. See FED. R. CIV. P. 12(b)(5); Tomlin v. White Dairy Ice Cream Co., 13 F. Supp. 2d 1354, 1356 (S.D. Ga. 1997) ("Where there has been no legal service on the defendant . . . the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction." (citation omitted)). Federal Rule of Civil Procedure 4(c) provides: "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1).

4

Here, Plaintiff neglected to have summons issued, even after the Court ordered Plaintiff to explain the reasons for his delay in service and explained that failure to serve could result in dismissal of the action. (Docs. 19, 26.) Plaintiff did not provide any justification for the delay and made no mention of his lack of summons, instead providing receipts showing he paid for service attempts. (Docs. 23, 40.) If there was any question of how to properly accomplish service, the Court **twice** cautioned it was Plaintiff's responsibility to determine which method of service is appropriate and, as a courtesy, the Clerk of Court **twice** provided him with a copy of Rule 4. (Docs. 17, 19.) It was Plaintiff's responsibility to properly effect service. Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)). Even after the Court provided Plaintiff the tools, instructions, and information needed for proper service, he still failed to comply with the Federal Rules of Civil Procedure. While the Court recognizes that Plaintiff is proceeding *pro se*, he is still required to follow the Federal Rules of Civil Procedure the same way as all litigants appearing in this Court. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")

The Court will not allow Plaintiff to move forward with his case when, even after it provided instructions and warnings,

5

Plaintiff acted with blatant disregard for the Rules. In spite of several opportunities (and an Order) to do so, Plaintiff has failed to properly serve a copy of the summons. Therefore, the Court finds Plaintiff failed to properly serve any of the Defendants and the claims against them are **DISMISSED WITHOUT PREJUDICE**.

3. **Additional Grounds for Dismissal**

Having dismissed all claims against the Defendants without prejudice for lack of proper service, the Court will not analyze the additional grounds each argues in favor of dismissal.

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant ARC's motion to dismiss (Doc. 27), Defendant BOE's motion to dismiss (Doc. 28), Defendant CCSD's motion to dismiss (Doc. 30), and Defendant USA's motion to dismiss (Doc. 38) are **GRANTED**. The case is **DISMISSED WITHOUT PREJUDICE**. The **CLERK** is **DIRECTED** to **TERMINATE** all other pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of June, 2022.

---

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6